**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed November 20, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-01022-CV

---

### IN RE LAMBERT ADUMEKWE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-81456**

---

## MEMORANDUM OPINION

On November 9, 2012, relator Lambert Adumekwe filed a *pro se* petition for writ of mandamus in this court, stating that the petition addresses his pending appeal. *See* Tex. R. App. P. 52. Section 22.221 of the Texas Government Code expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or county court judge in the court of appeals' district, and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code § 22.221. We lack mandamus jurisdiction over this proceeding.

The underlying case is a workers' compensation case in which Adumekwe filed suit seeking judicial review of an administrative decision that his compensable injury did

not extend to include a broken tooth and a broken jaw. New Hampshire Insurance Company was the workers' compensation carrier for Adumekwe's employer. On January 11, 2012, the trial court signed a final summary judgment in favor of New Hampshire Insurance Company and subsequently denied Adumekwe's motion for new trial. Adumekwe then filed a notice of appeal, and his appeal was docketed under our appellate case number 14-12-00169-CV, styled *Lambert Adumekwe v. New Hampshire Insurance Company*. Briefs have been filed in the appeal, and it remains pending before this court.

In his petition for writ of mandamus, Adumekwe stated that he filed the petition to respond to the appellee's brief filed October 22, 2012, in his pending appeal. A petition for writ of mandamus is unnecessary to respond to a brief filed by an appellee in a pending appeal. The Texas Rules of Appellate Procedure provide that within twenty days after appellee's brief has been filed, an appellant may file a reply brief addressing any matter in the appellee's brief. *See* Tex. R. App. P. 38.3, 38.6(c).

Adumekwe also asks that we order New Hampshire Insurance Company to comply with orders issued by the administrative hearing officer dated April 29, 2010, and July 1, 2010. When mandamus is sought against a party other than a district or county court judge, we have jurisdiction only if issuance of the writ is necessary to enforce our jurisdiction. *See* Tex. Gov't Code § 22.221. Under the circumstances presented here, we lack mandamus jurisdiction.

Accordingly, we order this petition for writ of mandamus filed in our case number 14-12-01022-CV dismissed. To the extent that Adumekwe has filed this petition to respond to appellee's brief, we order that the document entitled "Petition for Writ of Mandamus" shall be filed with the documents in the appeal pending under case number 14-12-00169-CV and considered as appellant's reply brief in the appeal.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

2